UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 APR 21   PM 3: 47

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| RYDER TRUCK RENTAL, INC. and CHRISTOPHER JONES | ) ) ) ) |
| Defendants. | ) |

Docket No.

2:22-cv-87

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, The Travelers Indemnity Company, through its attorneys, Lynn, Lynn, Blackman & Manitsky, P.C., for its Complaint for Declaratory Judgment against Defendants, Ryder Truck Rental, Inc. and Christopher Jones, alleges:

### Parties

1.      Plaintiff, The Travelers Indemnity Company ("Travelers"), is a chartered insurance company, organized and existing under the laws of the State of Connecticut, with its principal place of business at 1 Tower Square, Hartford, CT 06183.

2.      At all times material hereto, Travelers provided insurance to Friendly Fruit, Inc. ("Friendly Fruit") pursuant to policy number YA0-810-6676R54A-IND-18 ("Policy").

3.      Defendant Ryder Truck Rental, Inc. ("Ryder") is a corporation, organized and existing under the laws of the State of Florida, with its principal place of business at 11690 NW 105 Street, Miami, FL 33178.

4.      At all times material hereto, Ryder engaged in business in the State of Vermont.

1

5.  This action arises out of Ryder's business operations in the State of Vermont, including Ryder's tender to Plaintiff of the defense and indemnity of a lawsuit against Ryder based on Ryder's business operations in the State of Vermont.

6.  Defendant Christopher Jones ("Jones") is an individual domiciled in the State of Vermont.

7.  Jones is the Plaintiff in the underlying lawsuit, *Jones v. Ryder Truck Rental, Inc., d/b/a Ryder Transportation Services*, pending under case number 2:22-CV-26 in this Court ("Underlying Lawsuit"). A copy of the Complaint in the Underlying Lawsuit is attached hereto as Exhibit A.

### Jurisdiction and Venue

8.  The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as there is diversity among the Parties and the amount in controversy exceeds $75,000.

9.  Venue is appropriate in the District of Vermont as one of the Defendants resides in Vermont and as a substantial part of the events giving rise to the claim occurred in Vermont.

10. An actual controversy exists between Travelers and Defendants such that the Court, pursuant to 28 U.S.C. § 2201, has the authority to declare the rights and legal relations, if any, between Travelers and Defendants.

### Underlying Lawsuit

11. The Complaint in the underlying lawsuit was filed on February 2, 2022.

12. The Complaint alleges Jones was employed by Friendly Fruit as of February 4, 2019.

13. The Complaint alleges that as of February 4, 2019, Friendly Fruit contracted with Ryder for the rental of one of Ryder's trucks, identified as a 26' DSL Light Duty Reefer with MA License Plate Number T94079 ("Subject Truck").

14. The Complaint alleges that on February 4, 2019, Jones was at Ryder's location in White River Junction, Vermont to return the Subject Truck.

15. The Complaint alleges that on February 4, 2019, as Jones was pulling the Subject Truck's rear door down with the attached strap, the strap broke, causing Jones to fall off the Subject Truck's lift gate and onto the pavement below.

16. The Complaint alleges Jones suffered injuries from his fall.

17. The Complaint pleads a claim of negligence against Ryder.

18. The Complaint alleges Ryder was negligent in breaching its duty to exercise ordinary case in the maintenance and upkeep of the Subject Truck.

19. The Complaint alleges Ryder was negligent in breaching its duty to provide a rental vehicle safe for reasonable use by the renting party

20. The Complaint alleges Ryder was negligent in breaching its duty to maintain the Subject Truck – including its rear door and strap – to ensure its safe operation by individuals renting the Subject Truck.

21. The Complaint alleges Ryder was negligent in breaching its duty to maintain its rental trucks in a condition reasonably safe for driving and loading/unloading operations.

22. The Complaint alleges Ryder was negligent in breaching its duty to inspect the pull strap inside the Subject Truck for wear and tear to verify that it did not need to be replaced or repaired.

23. The Complaint alleges Jones' injuries were the result of Ryder's failure to safely maintain the Subject Truck.

24. The Complaint demands a judgment for damages against Ryder.

### Ryder's Tender to Travelers

25. Ryder has tendered the Underlying Lawsuit to Travelers for defense, indemnity/coverage, and payment.

26. Ryder has demanded coverage from Travelers pursuant to the Policy.

27. Ryder claims it is an "Insured" under the Policy for purposes of the claims in the Underlying Lawsuit.

### Travelers' Policy

28. Travelers issued the Policy to Friendly Fruit effective August 8, 2018 to August 8, 2019. A copy of the Policy is attached hereto as Exhibit B.

29. The Policy contains a "Coverage" provision, which provides, in relevant part:

> **A. Coverage**
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

30. The "Coverage" provision also provides, in relevant part:

> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

4

31. The Policy contains the following definition of "Who Is An Insured:"

> **1. Who Is An Insured**
> The following are "insureds":
> a. You for any covered "auto".
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>   (1) The owner or anyone else from whom you hire or borrow a covered "auto".
>   This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
>
>   (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
>   (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
>   (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".
>   (5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
> c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

32. The Policy contains two endorsements that amend the "Who Is An Insured" section to address Additional Insured coverage.

33. The first endorsement ("First Endorsement") provides:

5

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# BUSINESS AUTO EXTENSION ENDORSEMENT

This endorsement modifies insurance provided under the following:
BUSINESS AUTO COVERAGE FORM

**B. BLANKET ADDITIONAL INSURED**

The following is added to Paragraph c. in A.1., Who Is An Insured, of **SECTION II – COVERED AUTOS LIABILITY COVERAGE**:

Any person or organization who is required under a written contract or agreement between you and that person or organization, that is signed and executed by you before the "bodily injury" or "property damage" occurs and that is in effect during the policy period, to be named as an additional insured is an "insured" for Covered Autos Liability Coverage, but only for damages to which

this insurance applies and only to the extent that person or organization qualifies as an "insured" under the Who Is An Insured provision contained in Section II.

34. The second endorsement ("Second Endorsement") provides:

COMMERCIAL AUTO

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# BLANKET ADDITIONAL INSURED – PRIMARY AND NON-CONTRIBUTORY WITH OTHER INSURANCE

This endorsement modifies insurance provided under the following:
BUSINESS AUTO COVERAGE FORM

**PROVISIONS**

1. The following is added to Paragraph A.1.c., Who Is An Insured, of SECTION II – COVERED AUTOS LIABILITY COVERAGE:

This includes any person or organization who you are required under a written contract or agreement between you and that person or organization, that is signed by you before the "bodily injury" or "property damage" occurs and that is in effect during the policy period, to name as an additional insured for Covered Autos Liability Coverage, but only for damages to which this insurance applies and only to the extent of that person's or organization's liability for the conduct of another "insured".

2. The following is added to Paragraph B.5., Other Insurance of SECTION IV – BUSINESS AUTO CONDITIONS:

Regardless of the provisions of paragraph a. and paragraph d. of this part 5. Other Insurance, this insurance is primary to and non-contributory with applicable other insurance under which an additional insured person or organization is the first named insured when the written contract or agreement between you and that person or organization, that is signed by you before the "bodily injury" or "property damage" occurs and that is in effect during the policy period, requires this insurance to be primary and non-contributory.

6

## Grounds for Declaratory Judgment

35. Travelers incorporates the preceding paragraphs as if fully set forth herein.

36. Pursuant to the First Endorsement, Ryder does not qualify as an insured.

37. Pursuant to the First Endorsement, Ryder qualifies as an insured "only to the extent that [Ryder] qualifies as an 'insured' under the 'Who Is An Insured' provision contained in Section II."

38. Ryder does not qualify as an insured under subsection (a) of the "Who Is An Insured" provision because subsection (a) applies only to Friendly Fruit.

39. Ryder does not qualify as an insured under subsection (b) of the "Who Is An Insured" provision because Ryder was not "using with [Friendly Fruit's] permission" the Subject Truck.

40. Even if Ryder was "using with [Friendly Fruit's] permission" the Subject Truck, the "Who Is An Insured" provision excludes "[t]he owner or anyone else from whom [Friendly Fruit] hire[s] or borrow[s] a covered 'auto'" from the category of "Insured."

41. Ryder was the owner of the Subject Truck, so Ryder is excluded from the "Who Is An Insured" provision.

42. The "Who Is An Insured" provision also excludes "[s]omeone using a covered 'auto' while he or she is working in a business of . . . servicing [or] repairing . . . 'autos' . . . ."

43. Ryder was working in the business of servicing or repairing the Subject Truck, so Ryder is excluded from the "Who Is An Insured" provision.

44. Ryder does not qualify as an insured under subsection (c) of the "Who Is An Insured" provision because Jones' Complaint against Ryder does not allege Ryder is liable because of Friendly Fruit's conduct.

45. Accordingly, Ryder does not qualify as an insured pursuant to the First Endorsement.

46. Since Ryder does not qualify as an insured, Ryder is not entitled to coverage under the Policy.

47. Pursuant to the Second Endorsement, Ryder has coverage "only to the extent of [Ryder's] liability for the conduct of another 'insured.'"

48. Jones' Complaint in the Underlying Lawsuit does not allege Ryder is liable to Jones because of the conduct of Friendly Fruit or any other insured.

49. Accordingly, Ryder does not qualify as an insured pursuant to the Second Endorsement.

50. Since Ryder does not qualify as an insured, Ryder is not entitled to coverage under the Policy.

51. Pursuant to the terms of the Policy, there is no coverage for Ryder based on the allegations in the Underlying Lawsuit.

52. Pursuant to the terms of the Policy, Travelers has no obligation to indemnify Ryder based on the allegations in the Underlying Lawsuit.

53. Pursuant to the terms of the Policy, Travelers has no obligation to defend Ryder based on the allegations in the Underlying Lawsuit.

**WHEREFORE**, Plaintiff, The Travelers Indemnity Company, respectfully requests the Court:

1. Declare Travelers has no obligation to indemnify Ryder Truck Rental, Inc. in the Underlying Lawsuit;

2. Declare Travelers has on obligation to defend Ryder Truck Rental, Inc. in the Underlying Lawsuit; and

3. Grant any other relief the Court deems just and equitable.

Dated at Burlington, Vermont this 20th day of April 2022.

THE TRAVELERS INDEMNITY COMPANY

/s/
Pietro J. Lynn, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
*Attorneys for The Travelers Indemnity Company*
76 St. Paul Street, Suite 400
Burlington, VT 05401
802-860-1500
plynn@lynnlawvt.com
